```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
WILLIAM M. SHOFFLER,                :
                                    :
          Plaintiff,                :   Civ. No. 17-4859 (NLH)(KMW)
                                    :
     v.                             :   OPINION
                                    :
THE CITY OF WILDWOOD, NEW           :
JERSEY, et al.,                     :
                                    :
          Defendants.               :
_____:
```

APPEARANCES:

Richard F. Klineburger, III, Esq.
Klineburger & Nussey
38 North Haddon Ave.
Haddonfield, NJ 08033
    Counsel for Plaintiff

Richard L. Goldstein, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
15000 Midatlantic Drive, Suite 200
Mount Laurel, NJ 08054
    Counsel for Moving Defendants


HILLMAN, District Judge

This case concerns the alleged maltreatment that Plaintiff William Shoffler suffered while he was briefly in the custody the Wildwood Police Department and Cape May County Correctional Facility. ECF No. 1, Compl. Presently before the Court is the Motion to Dismiss the Complaint of Defendants Cape May County, Cape May County Correctional Facility, Cape May County Office of the Sherriff, and Sheriff Gary G. Schaffer (the "Moving

Defendants"), which is ripe for disposition.[1]  ECF No. 12.  The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this case concerns a federal question.  For the reasons that follow, the Court will deny the Motion.

I.  Factual Background

Plaintiff, represented by counsel, is an adult individual who resides in Green Creek, New Jersey.  ECF No. 1, Compl., ¶ 6.  On or about June 30, 2015, Plaintiff took an evening swim in the bay, which he entered and exited from his property located on West Burk Avenue in Wildwood, New Jersey.  Id., ¶ 17.  During that swim, a manager at a nearby restaurant observed Plaintiff to be apparently swimming in the nude.  Id., ¶ 18.  The manager called the City of Wildwood Police Department.  Id., ¶ 20.

The Wildwood Police responded to the call and entered the property of Plaintiff, allegedly without probable cause, a warrant, or exigency.  Id., ¶ 21.  The police spoke with Plaintiff, who became angered and told the police that he had nothing more to say and he requested that they leave his property.  Id., ¶ 22.  The police issued Plaintiff a disorderly conduct summons and left his property.  Id., ¶ 23.

Later that evening, the police returned to Plaintiff's property in response to a call that Plaintiff was again swimming

---

[1] The remaining defendants have filed an Answer to the Complaint.  See ECF No. 3.

in the bay.  Id., ¶ 24.  When the Plaintiff exited the water onto his property, Defendant Officer Stevens was waiting for him.  Id., ¶ 25.  Plaintiff alleges that the officer was on his property without a warrant, probable cause, or exigency.  Id. The officer placed Plaintiff under arrest, handcuffed him, and took him into custody to police headquarters to be processed. Id., ¶¶ 25-26.  When Plaintiff arrived at the police station, Plaintiff alleges that he was in a manic mental state, which would be obvious to anyone, especially trained police officers. Id., ¶ 27.  Plaintiff was charged with various offenses and taken to Cape May County Correctional Facility pending bail. Id., ¶ 28.

After arriving at the Cape May County Correctional Facility, Plaintiff did not receive any medical treatment or a mental health evaluation.  Id., ¶ 29.  Instead, Plaintiff alleges that while strapped to a chair with wrist and leg restraints he was assaulted by various employees, agents, or servants of the Cape May County Sheriff's Department or the Cape May County Correctional Facility.  Id., ¶ 29.  Plaintiff was then pepper sprayed repeatedly by those persons and had a hood placed over his head, which intensified the effects of the pepper spray.  Id., ¶ 30.  This treatment continued repeatedly and over the course of multiple hours.  Id.  Because of this treatment, Plaintiff lost track of time and became confused, in

addition to being in pain.  Id., ¶ 31.  Plaintiff requested to have the hood removed so that he could breathe, but when the hood would be removed, various employees, agents, or servants of the Sheriff's Department or the Correctional Facility would flash bright lights into Plaintiff's eyes, which caused him further confusion and pain.  Id., ¶ 32.  After this alleged torture and assault, Plaintiff was issued a summons for resisting arrest and disorderly conduct, both of which were resolved at the municipal court level as "disorderly persons offenses."  Id., ¶ 33.

Plaintiff filed his Complaint on June 30, 2017, and paid the civil filing fee of $400.  See ECF No. 1.  The Complaint alleges various constitutional violations along with similar state law claims.  Defendants City of Wildwood, City of Wildwood Police Department, Christopher Chobert, James Stevens, John/Jane Doe Decision Makers 1-10, and John/Jane Doe City of Wildwood Police Officers 1-10 filed an Answer to the Complaint on August 7, 2017.  ECF No. 3.  The Moving Defendants, however, filed a Motion to Dismiss the Complaint alleging that Plaintiff failed to exhaust his administrative remedies, that the Moving Defendants are cloaked with qualified immunity, and that Plaintiff's claims fail to state a claim upon which relief may be granted.  ECF No. 12 (motion), 12-1 (brief).

II.  Standard of Review

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented.  Bruni v. City of Pittsburgh, 824 F.3d 353, 361 n.11 (3d Cir. 2016) (citing Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)).  Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89, 94 (per curiam).

The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is

plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

III. Discussion

The Moving Defendants seek the dismissal of the claims against them based on: (1) Plaintiff's failure to exhaust his administrative remedies; (2) the doctrine of qualified immunity; and (3) the failure to state a claim upon which relief may be granted.

A. Exhaustion of Administrative Remedies

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement, however, does not apply when the plaintiff is not incarcerated. See, e.g., Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002) ("We note that every court of appeals to have considered the

issue has held that the PLRA does not apply to actions filed by former prisoners"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir.) (en banc) (noting that the PLRA exhaustion requirement applies "only if the plaintiff is a prisoner at the time of filing."); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998). A plaintiff's status as a prisoner for the purposes of the PLRA is judged as of the time he files his complaint. See Defreitas v. Montgomery County Correctional Facility, 525 F. App'x 170, 176 (3d Cir. 2013). Here, Plaintiff was not incarcerated when he filed his Complaint. See ECF No. 1, Compl., ¶ 6. As such, the Motion to Dismiss will be denied as to exhaustion.

B. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014).

In determining whether an officer is entitled to qualified immunity from suit, a court must answer two questions: "(1) whether the officer violated a constitutional right," and "(2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Lamont v. New Jersey, 637 F.3d 177, 182 (3d Cir. 2011) (quoting Saucier v. Katz, 533 U.S. 194, 201-02 (2001)). The questions may be answered in either order. Pearson, 555 U.S. at 242. The individual seeking to invoke qualified immunity bears the burden of proving its applicability. Reedy v. Evanson, 615 F.3d 197, 223 (3d Cir. 2010).

Qualified immunity is immunity from suit rather than merely a defense to liability and should thus be resolved as early as possible, Pearson, 555 U.S. at 231-32; however, it is generally not appropriate for disposition on a motion to dismiss. "[T]he qualified immunity analysis involves a fact-intensive inquiry that is generally ill-suited for resolution at the pleadings stage." Batiz v. Brown, No. 12-cv-581, 2013 WL 1137531, at *7 (D.N.J. Mar. 14, 2013). See Coles v. Carlini, No. 10-cv-6132, 2012 WL 1079446, at *9 (D.N.J. Mar. 29, 2012) ("[T]he qualified immunity analysis is typically inappropriate for motions to dismiss for the very issue present in this motion--it is a fact sensitive inquiry."). As the Court of Appeals for the Third

9

Circuit has stated "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases."  Newland v. Reehorst, 328 F. App'x 788, 791 n.3 (3d Cir. 2009).  As a result, "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint."  Thomas v. Independence Twp., 463 F.3d 285, 291 (3d Cir. 2006) (quoting Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

Although Defendant Sheriff Schaffer may be entitled to qualified immunity, such a determination cannot be made at this stage of the litigation based on the pleadings alone.  Here, the Complaint does not establish the elements necessary to invoke qualified immunity; indeed, Defendant Schaffer's opening and reply briefs make no reference to any allegation contained in the Complaint.  Accordingly, as the Court does not find that qualified immunity is apparent on the face of the Complaint, Defendant Schaffer's Motion is denied without prejudice.  If appropriate, he may raise this defense again at a later stage of the litigation.

   C. Failure To State A Claim

The Moving Defendants argue that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), and his common law claims for assault, battery, false

arrest, false imprisonment, negligence, intentional inflict of emotional distress, and negligence infliction of emotional distress, as well as the request for punitive damages must be dismissed because Plaintiff cannot sustain a prima facie cause of action to those claims based on the allegations of the Complaint. ECF No. 12-1, Br. at 10-11. Without determining whether Plaintiff can sustain a cause of action as to any of these claims based on the allegations of the Complaint, the Court must deny the Motion to Dismiss because the Moving Defendants have failed to meet their burden under Federal Rule of Civil Procedure 12(b)(6), except as to the municipal liability claims brought pursuant to § 1983 against Moving Defendants Cape May County Correctional Facility and the Cape May County Sheriff's Department.

    i. § 1983 Municipal Liability Claims

Moving Defendants Cape May County Correctional Facility and the Cape May County Sheriff's Department allege that Plaintiff has failed to state a claim under § 1983 against them because there are no allegations in the Complaint that either defendant had a custom or policy in place that promoted violations of the U.S. Constitution.[2] ECF No. 12-1 at 14. The Court will grant the Motion to Dismiss as to the municipal liability claims

---

[2] There is no claim pursuant to the NJCRA against these defendants.

against Moving Defendants Cape May County Correctional Facility and the Cape May County Sheriff's Department.

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014) (citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Rather, "[a] plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." Id. (citing Monell, 436 U.S. at 690-91). For municipal liability under § 1983 to attach, a plaintiff must demonstrate that "the policy or custom itself violates the Constitution" or that "the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." Id. (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991)).

As to Moving Defendant Cape May County Correctional Facility, Plaintiff alleges that it "developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights" and that its "policies and customs encouraged the Officer Defendants to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval

of the Defendant, Cape May County." ECF No. 1, ¶¶ 81, 82. Plaintiff makes the same rote allegations against Moving Defendant Cape May County Sheriff's Office. Id., ¶¶ 89, 90.

To impose liability against a local government under § 1983, a plaintiff must show a "relevant policy or custom, and that the policy caused the constitutional violation . . . allege[d]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir.). Here, as the Moving Defendants argue, Plaintiff has failed to allege - even in general terms - the policy or custom at issue or the right infringed upon. Further, mere recitation of the elements of a cause of action is insufficient to sustain a claim without factual support for those elements, and the Complaint, in its "Facts" section contains no factual allegations that would support the elements of municipal liability under either Monell. See ECF No. 1 at 4-9. Because Plaintiff has failed to state a claim for municipal liability as to both the Cape May County Sheriff's Department and the Cape May County Correctional Facility, the Court will grant the Motion to Dismiss as to Counts VII and IX.

> ii. Common Law Claims Against All Moving Defendants And The Civil Rights Claims Against Moving Defendant Sheriff Schaffer

A defendant seeking to dismiss a cause of action based on the failure to state a claim must establish that the plaintiff cannot show an essential element of the claim. Hedges, 404 F.3d

13

at 750.  The defendant bears the burden of showing that no claim has been presented in the motion.  Id.  When the defendant fails to apply the law to the facts, he fails to meet his burden to show that the plaintiff cannot state a claim upon which relief may be granted.  See Audi v. Jenkins, No. 12-cv-836, 2012 WL 3011704, at *6 (M.D. Pa. July 23, 2012).  Here, the Moving Defendants have failed to identify any of the essential elements of the claims on which they seek dismissal.  Instead, the Moving Defendants provide less than one sentence per cause of action, which is wholly insufficient for this Court to determine whether Plaintiff has failed to state a claim.  As such, the Motion to Dismiss will be denied as to these claims.

      iii. Punitive Damages

"The standard for punitive damages in a federal civil rights action was set by the Supreme Court, and does not require "outrageousness"; a jury may 'assess punitive damages in [a civil rights action] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  Alexander v. Riga, 208 F.3d 419, 430-31 (3d Cir. 2000) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).  A functionally similar standard is utilized under New Jersey state law.  See N.J.A.S. 2A:15-5.10 (defining "actual malice" as "intentional wrongdoing in the sense of an evil-minded act" and

"wanton and willful disregard" as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission.").

In the Complaint, Plaintiff alleges that "[t]he actions of Defendants were wanton, reckless and willful" and that Defendants "acted with reckless disregard as to whether the actions of the Defendant Police Officers would cause harm to the Plaintiff." ECF No. 1, ¶¶ 231, 232. The Moving Defendants argue that these statements are "conclusory allegations and not supported by any facts" without further discussion or argument. ECF Nos. 12-1 at 16 and 14 at 13. A plaintiff must only present enough evidence to show that his claim is plausible when a defendant challenges a claim in a motion to dismiss. Here, the factual allegations of the Complaint demonstrate that a punitive damages claim is plausible. Plaintiff alleges that while at the Cape May County Correctional Facility, he was strapped to a chair in his underwear, repeatedly pepper sprayed and hooded, and had bright lights flashed in his eyes each time the hood was removed. While the Court expresses no opinion on whether such relief will ultimately prove appropriate, the factual allegations in the complaint make a plausible claim for punitive damages under both the federal and state law standards. Therefore, the Motion is denied as to punitive damages.

IV. Conclusion

The Court will grant in part the Moving Defendants' Motion to Dismiss as to Counts VII and IX of the Complaint, and deny the remainder of the Motion. An appropriate order follows.

Dated: June 29, 2018              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.